**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

Jacqueline Hansen

      **Plaintiff**

-against-

Allied Interstate, LLC (f/k/a Allied Interstate, Inc.) and Paragon Way, Inc.

      **Defendant**

_____ X

Docket No. 11-1382

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendants respectfully allege and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collectors violated the Plaintiff's rights in an attempt to collect an alleged consumer debt.

2. This is an action for damages brought by two individual consumers for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

    3.    According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA. Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Jacqueline Hansen, is a natural person residing in SUFFOLK County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Allied Interstate, LLC (hereinafter Allied), is a corporation engaged in the business of collecting debts in this state. Allied Interstate, LLC was formerly known as Allied Interstate, Inc. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant Paragon Way, Inc. (hereinafter "Paragon") is a business engaged in collecting debts in this state with its principal place of business located in the state of Texas. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). Paragon purchases the right to collect debts that are already in default, and then attempts to collect such debt.

8. The acts and omissions of the Defendants alleged herein were conducted by its employees and agents acting within the scope of their actual or apparent authority.

9. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all defendants herein jointly and severally.

10. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

11. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

12. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

13.  The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was alleged to have been incurred for a consumer credit card with the GE Money Bank.

## IV.  FACTUAL ALLEGATIONS

14. Plaintiff repeats paragraphs "1" through "13" as if fully restated herein.

15.  Plaintiff incurred a consumer credit card debt ("the debt"). The alleged debt of Plaintiff was incurred for personal, family, or household services, and not for any business purpose.

16. Unfortunately, and for reasons beyond her control, Plaintiff was unable to repay such debt on time.

17.   At some point unknown to Plaintiff, Defendant Allied alleges to have acquired the right to attempt to collect such debt.

## EXHIBIT A

18. On or about June 24, 2010, Defendant Allied, on behalf of Defendant Paragon, forwarded a letter to Plaintiff dated June 24, 2010.  The letter is attached as Exhibit A hereto.

19. Plaintiff received Exhibit A.

20. Exhibit A was the first written communication sent by Allied to the Plaintiff.

21. Exhibit A falsely indicates that the "Current Creditor" is a company called "Precision Recovery A."

22. Exhibit A violates 15 USC 1692e, 15 USC 1692e(10), and 15 USC 1692g(a)(2) by failing to provide the true name of the creditor to whom the debt is allegedly owed.

23. Exhibit A also falsely indicates that Paragon Way, Inc. had given Allied Interstate, Inc. authority to settle the alleged debt at an amount less than the total amount due, but that the offer was only available for 40 days. Such statement is false and deceptive in that the ability for Plaintiff to settle the debt for less than the total amount did not expire after 40 days. Exhibit A was intended to instill a false sense of urgency in Plaintiff. Such statement violates 15 USC 1692e, and 15 USC 1692e(10).

## EXHIBIT B

24. On or about August 11, 2010 Defendant Allied, on behalf of Defendant Paragon Way, Inc., forwarded a letter to Plaintiff dated August 11, 2010. The letter is attached as Exhibit B hereto.

25. Plaintiff received Exhibit B.

26. Exhibit B indicates that Paragon Way, Inc. is the creditor, and that Defendant is attempting to collect the debt on behalf of Paragon Way, Inc.

27. Defendant Paragon used Defendant Allied to assist them in the collection of the debt.

28. In Exhibit B, the Defendants Allied and Paragon falsely threaten to report negative credit information onto the Plaintiff's credit reports.

29. Exhibit B, states:

*Our client, PARAGON WAY INC may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your Credit Report.*

30. Defendant Paragon has not reported any negative credit information about the Plaintiff to the credit bureaus after August 11, 2010.

31. Defendant Paragon has not reported any late payments about the Plaintiff to the credit bureaus after August 11, 2010.

32. Defendant Paragon has not reported any missed payments about the Plaintiff to the credit bureaus after August 11, 2010.

33. Defendant Paragon has not reported any defaults about the Plaintiff to the credit bureaus after August 11, 2010.

34. Defendant Allied never reported any credit information about the Plaintiff to any credit bureau.

35. Exhibit B was false and deceptive in that the least sophisticated consumer reading Exhibit B would believe that unless they paid the alleged debt as demanded, Paragon was going to report additional negative credit information about them to the credit bureaus.

36. Exhibit B violates 15 USC 1692e; 15 USC 1692e(5); and 15 USC 1692e(10) in that it falsely threatens to report derogatory credit information about the Plaintiff to the credit bureaus.

## CALL TO PLAINTIFF'S BOYFRIEND

37. On or about August 21, 2010, the Defendant Allied, on behalf of Defendant Paragon, telephoned the Plaintiff's boyfriend and informed the Plaintiff's boyfriend that they were attempting to collect an allege debt from Plaintiff.

38. The Plaintiff never gave the Defendants consent to communicate with any third party in connection with the collection of the debt.

39. Defendants' actions as described herein violated 15 U.S.C Section 1692c(b) in that the Defendant disclosed to a third party that they were attempting to collect a debt from Plaintiff.

## CALLS TO PLAINTIFF'S CELLULAR PHONE

40. Within the one year preceding the commencement of this action, the Defendant Allied, on behalf of Paragon, utilized an automatic telephone dialing system to call the Plaintiff's cellular telephone.

41. The Defendants have never had the express prior consent of the Plaintiff to telephone her cellular telephone.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

42.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

43.  Defendants' actions as described herein violated several provisions of the FDCPA including:  15 USC 1692c(b); 15 USC 1692e; 15 USC 1692e(2) 15 USC 1692e(5); 15 USC 1692e(8) ; and 15 USC 1692e(10).

## VII.  CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

44.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

45.  Within the year preceding the filing of this action, the Defendant Allied, on behalf of Paragon, made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

46. The Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

47. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

48. The Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages

2.  Statutory damages pursuant to the FDCPA and the TCPA;

3.  Costs and reasonable attorney's fees pursuant to the FDCPA;

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff

# EXHIBIT A

3608



Date: June 24, 2010
Jacqueline Hansen
31 Neptune Ave
East Patchogue, NY 11772-4829

3000 Corporate Exchange Dr 5th Floor  Columbus, OH 43231
Toll Free: (877) 642-1263
Mon-Fri 8AM-9PM Sat 8AM-12PM

Allied Interstate Acct#: A59895062/P50455324
Original Creditor: GE MONEY BANK/ SAM'S
Current Creditor: PRECISION RECOVERY A
Servicer: PARAGON WAY INC
Current Servicer Acct#: 007748438
Amount Due: $1895.60

Dear Jacqueline Hansen:

As you are aware, PRECISION RECOVERY A purchased the above past due Account from GE MONEY BANK/ SAM'S and has placed the Account with Allied Interstate to recover the Amount Due.

Our client, PARAGON WAY INC has given us authority to settle your Account for less than the total Amount Due. Contact our office within 40 days from your receipt of this notice to discuss settlement options available to you. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

Allied Interstate, Inc.
(877) 642-1263

**We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.**

You may initiate a credit card payment by telephone as outlined above or you may also pay by VISA or Mastercard by filling in the information on the reverse side of this coupon.

 

**Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

(Detach and return with payment)

3608

Date: June 24, 2010
Account #: A59895062/P50455324
Amount Delinquent Due: $1895.60

Amount Remitted  $ _____


CCD/A59895062/P50455324/3608   002431524095   0000823/0005

Jacqueline Hansen
31 Neptune Ave
East Patchogue, NY 11772-4829

A59895062/P50455324

Allied Interstate, Inc.
P.O. Box 361774
Columbus, OH 43236

**Consumers who reside in the states listed below are entitled to the notices specified below. The laws of other States and Federal Law, may provide the same, similar, or even greater rights to consumers.**

**California:**
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practice Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

**Colorado:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

Our local address: 3025 South Parker Road #711, Aurora, CO 80014 and phone#: 303-309-3839

**Maine:** Maine residents may contact our office by telephone at the number and office hours stated on the front of this letter.

**Massachusetts:**
Massachusetts residents may contact our office by telephone at the number, office hours and address stated on the front of this letter or to 5230 Washington St. West Roxbury, MA 02132

NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**Minnesota:** This Collection Agency is licensed by the Minnesota Department of Commerce

**Tennessee:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**Wisconsin:**
This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876 Madison, Wisconsin 53707

**North Carolina:**
North Carolina Department Insurance Permit No.: 3709, 3683, 3738, 917, 3715, 789, 3740, 1061, 4379, 3736, 4433, 4461, 4432, 4469.

**New York City:**
New York License No.: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140554, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

This is **not** an exclusive list of your rights. It is merely the set of disclosures required by certain states for residents of their states.

---

Circle One:   [VISA]        [MasterCard]

Credit/Debit card number          Payment Amount          Expiration Date
_____         _____         _____ / _____

Card Holder Name                   Signature of Card Holder          Date
                                                                    _____ / _____

# EXHIBIT B

4106                                         **AlliedInterstate**

                                             3000 Corporate Exchange Dr 5th Floor   Columbus, OH 43231
Date: August 11, 2010                        Toll Free. (877) 642-1263
Jacqueline Hansen                            Mon-Fri 8AM-9PM Sat 8AM-12PM
31 Neptune Ave
East Patchogue, NY 11772-4829


Allied Interstate Account No.:  P50455324
Creditor:  PARAGON WAY INC
Original Creditor:              GE MONEY BANK/ SAM'S
Creditor Account No.:           007748438
Amount Due:                     $1895.60

Dear Jacqueline Hansen:

PARAGON WAY INC has given us authority to settle your account for less than the total Amount Due. We have been authorized to accept one single payment in the amount of 1326.92 as settlement on the Amount Due listed above.

To take advantage of the settlement offer outlined above we must receive your payment at the post office box referenced below no later than the close of business on 08-31-2010. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety. This is a limited opportunity and contingent upon the clearance of your good funds.

Our client, PARAGON WAY INC may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your Credit Report.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

Allied Interstate, Inc.
(877) 642-1263

**We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.**

You may initiate a credit card payment via the telephone as outlined above or you may also pay by VISA or Mastercard by filling in the information on the reverse side of this coupon.



---

**Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

Undeliverable Mail Only:         (Detach and return with payment)         4106
P.O. Box 1954
Southgate, MI 48195-0954                                                  Allied Interstate Account No.: P50455324
                                                                          Creditor: PARAGON WAY INC
                                                                          Creditor Account No.: 007748438
                                                                          Amount Due:            $1895.60

                                                                          Payment Enclosed: $_____


CCD/P50455324/4106       002443225210    0001314/0006                     P50455324



Jacqueline Hansen                                                         Allied Interstate, Inc.
31 Neptune Ave                                                            P.O. Box 361774
East Patchogue, NY 11772-4829                                             Columbus, OH 43236